FILED
United States Court of Appeals
Tenth Circuit

May 20, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT
_____

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

SALOMON VALENCIANO,

  Defendant-Appellant.

No. 07-1302
(D.Ct. No. 07-cr-46-EWN)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Circuit Judge, and **ANDERSON** and **BRORBY**, Senior Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Salomon Valenciano pled guilty to one count of unlawful re-

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

entry of a deported alien subsequent to a felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court sentenced Mr. Valenciano to forty-one months imprisonment. Although Mr. Valenciano appeals his conviction and sentence, his attorney has filed an *Anders* brief and a request for permission to withdraw as counsel, which we construe as a motion to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). For the reasons set forth hereafter, we grant counsel's motion to withdraw and dismiss this appeal. *Id.*

## I. Background

On February 5, 2007, a one-count indictment issued charging Mr. Valenciano with unlawful re-entry of a previously deported alien in violation of 8 U.S.C. § 1326(a) and (b)(2). Mr. Valenciano pled guilty as charged in exchange for the government's offer to recommend a sentence at the bottom of the applicable advisory Guidelines range. In pleading guilty, Mr. Valenciano submitted a statement in advance of his guilty plea which included, in part, his wish to plead guilty to the offense charged and acknowledgment of his understanding of the penalties he faced and rights he would relinquish in pleading guilty.

At the plea hearing, the district court conducted a Rule 11 colloquy. *See* Fed. R. Crim. P. 11. During the hearing, Mr. Valenciano indicated, in part, that

-2-

he: (1) understood the charges against him and the provisions of the plea agreement which he entered and signed; (2) understood the offense to which he was pleading guilty was a serious felony offense; (3) acknowledged he discussed the offense charged and his plea agreement and consequences of entering such a plea with his counsel, with whom he was satisfied; (4) understood the penalties associated with pleading guilty and his rights as explained to him and that by pleading guilty he was giving up those rights; (5) acknowledged he entered the country illegally after prior deportation following an aggravated felony conviction; and (6) confirmed his wish to plead guilty to the offense charged. In accepting his guilty plea, the district court found Mr. Valenciano's guilty plea was knowing and voluntary and that he was fully competent and capable of entering an informed plea.

After Mr. Valenciano pled guilty, a probation officer prepared a presentence report calculating his sentence under the applicable United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). The probation officer calculated the base offense level at eight under U.S.S.G. § 2L1.2(a) and added an eight-level adjustment under § 2L1.2(b)(1)(C) because Mr. Valenciano had been deported subsequent to having been convicted for an aggravated felony offense. In addition, based on Mr. Valenciano's acceptance of responsibility for the offense of conviction, the probation officer included a three-level reduction, for a

total offense level of thirteen. A total offense level of thirteen, together with a criminal history category of VI, resulted in a Guidelines imprisonment range of thirty-three to forty-one months. Neither party filed objections to the presentence report.

Prior to sentencing, Mr. Valenciano filed a motion for a downward departure, arguing his criminal history was over-represented because four of his convictions were misdemeanors and contending it was unlikely he would commit further crimes. At the sentencing hearing, the district court denied Mr. Valenciano's request for a downward departure, pointing out his entire criminal history included three uncounted prior convictions for illegal re-entry into the United States which were not included in his criminal history category of VI. The district court considered these three uncounted prior convictions, together with the fact Mr. Valenciano was before the court on his eleventh conviction and had returned to the United States on seven occasions after deportation, to conclude his criminal history category properly represented the seriousness of his criminal history, accurately reflected the fact he was a recidivist, and was the driving force for imposition of a sentence at the top of the Guidelines range. After adopting the uncontested facts in the presentence report and explaining it had considered the applicable Guidelines and 18 U.S.C. § 3553(a) sentencing factors, the district court imposed a forty-one-month term of imprisonment.

Following Mr. Valenciano's timely notice of appeal, his appointed counsel filed an *Anders* appeal brief explaining that, after a conscientious examination, the appeal is wholly frivolous as no legally viable or meritorious issues exist to contest the validity of his conviction and sentence. *See Anders*, 386 U.S. at 744. In support, counsel pointed out: (1) Mr. Valenciano's guilty plea was entered into voluntarily and intelligently; (2) sufficient evidence existed to form a factual basis for his plea based on the uncontested fact he was previously deported following an aggravated felony conviction and re-entered the country without the government's permission; and (3) the forty-one-month sentence was procedurally and substantively reasonable. Pursuant to *Anders,* this court gave Mr. Valenciano an opportunity to respond to his counsel's *Anders* brief. *See* 386 U.S. at 744. To date, Mr. Valenciano has filed no response.

## II. Discussion

As required by *Anders*, we have conducted a full examination of the record before us. *See id.* The record establishes Mr. Valenciano's guilty plea was voluntarily, knowingly, and intelligently entered and that sufficient evidence supported both his plea and conviction. We review Mr. Valenciano's sentence for reasonableness, as guided by the factors in 18 U.S.C. § 3553(a). *See United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006) (*per curiam*). Having made such a review, we find no nonfrivolous basis for challenging the sentence

imposed.  The district court properly considered Mr. Valenciano's request for a downward departure, together with the sentencing factors in § 3553(a), the advisory Guidelines, and the uncontested facts in the presentence report.  The district court then sentenced him to forty-one months imprisonment, which is within the advisory Guidelines range of thirty-three to forty-one months imprisonment and is entitled to a rebuttable presumption of reasonableness.  *Id.* at 1053-55.  Mr. Valenciano has not rebutted that presumption with any nonfrivolous reason warranting a lower sentence.  *Id.*

### III.  Conclusion

For these reasons, no meritorious appellate issue exists.  Accordingly, we grant counsel's motion to withdraw and **DISMISS** Mr. Valenciano's appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge