**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 20, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JOSE FRANCISCO QUINTERO-
MENDOZA,

      Defendant-Appellant.

No. 07-1363
(District of Colorado)
(D.C. No. 1:06-cr-00347-WDM-3)

**ORDER AND JUDGMENT**[*]

Before **McWILLIAMS**, Senior Circuit Judge, **ANDERSON**, Senior Circuit Judge, and **BALDOCK**, Senior Circuit Judge.

The Atondo brothers were stopped while "driving too closely" in New

Mexico by New Mexico State Police. The officers questioned the Atondos about

where they were from and where they were going.  After issuing the driver a ticket

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.
    The parties waived oral argument, and this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

for following too closely, the officers asked if they could search the car and a written consent was given. The search revealed a brown package which the Atondos said contained "chiva," a street term for heroin. The Atondos both stated that the heroin shipment was arranged by an individual in Phoenix, Arizona, who told them that when they arrived in Denver they should call "Poncho", gave them "Poncho's" telephone number, and said that "Poncho" would arrange for a time and place for delivery of the brown package. The Atondos told the officers that they had never met "Poncho" and had no description of him. The two then agreed to deliver the heroin to "Poncho" in Denver, Colorado. Later the same day, the Atondos were transported by New Mexico police to Denver, Colorado, and delivered to DEA agents. The following day the Atondos delivered the heroin to "Poncho," who turned out to be Jose Francisco Quintero-Mendoza, the defendant in the present proceeding. Once the defendant took possession of the heroin, he was arrested by the DEA agents. He immediately "cooperated" in the investigation, divulging the identity of his source and agreeing to testify against him, if necessary.

Based on the foregoing events, the defendant and the Atondos were jointly charged in a three-count indictment filed in the United States District Court for the District of Colorado with various drug violations, to which charges defendant pled not guilty. Later, defendant changed his plea and pled guilty to the first count in the indictment, i.e., conspiring to possess with an intent to distribute

more than 100 grams of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2. At that time the United States agreed to recommend a sentence of imprisonment for 40 months on the condition that the defendant fully and truthfully "cooperate" with the Government.

Without going into detail, the U.S.S.G. set defendant's guideline range at 57 to 71 months. Neither party objected to the presentence report. The Government, however, filed a request for a downward departure from the guideline range, which the district court granted, and sentenced defendant to imprisonment for 40 months. No objection was made by either defense counsel or the Government, defense counsel stating that a 40-month sentence was "appropriate." However, shortly thereafter, the defendant filed a timely, *pro se*, notice of appeal. On appeal, the defendant is represented by his counsel in the district court.

On appeal defense counsel has filed a so-called *Anders* brief. *Anders v. California*, 386 U.S. 738 (1967).[1] In that brief counsel agrees that the district court made adequate findings which fully support its ultimate determination that a 40-month sentence was "reasonable" under 18 U.S.C. § 3553(a). And, in connection with any suggestion that defendant's sentence, which was more severe than the sentence imposed on the Atondos, counsel, under the described

---

[1] The brief was, *inter alia*, served on the defendant, who has filed no response thereto. The government, which was also served with a copy of counsel's brief, has, by letter, advised us that it would file no response to counsel's *Anders* brief.

circumstances, concedes that such was justified and was "reasonable" under 18 U.S.C. § 3553(a). In this regard, we would note that the defendant was apparently a drug dealer rather than a courier. Counsel goes on to state that the record does not disclose any "non-frivolous" issue that would warrant appellate consideration and asks that he be allowed to withdraw. We agree.

Although not controlling, the present case is virtually "on all fours" with our unpublished opinion in *United States v. Valenciano*, 2008 WL 2097420 (10th Cir. (Colo.) (May 20, 2008)). *See also United States v. Perez-Elvira*, 196 Fed.Appx. 670 (10th Cir. Sept. 14, 2006). In sum, having reviewed the record as required by *Anders*, we, like counsel, find no non-frivolous basis for challenging the sentence imposed.

Appeal dismissed and counsel's request to withdraw is granted.


Entered for the Court


Robert H. McWilliams
Senior Circuit Judge